# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-3433
_____

United States of America

*Plaintiff - Appellee*

v.

Artie Dee Dillard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: April 11, 2022
Filed: August 8, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Artie Dee Dillard pled guilty to possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(D), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court[1] calculated an

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

advisory United States Sentencing Guidelines Manual ("Guidelines") range of 15 to 21 months of imprisonment for the marijuana offense and 60 months of imprisonment for the firearm offense. The sentences are statutorily required to be served consecutively. *See* 18 U.S.C. § 924(c)(1)(A) (providing that the sentence for possessing a firearm in furtherance of a drug trafficking crime shall be "in addition to the punishment for such . . . drug trafficking crime"). The district court sentenced Dillard to 60 months of imprisonment for the marijuana count (a 39-month upward variance) and 60 months for the firearm count, to be served consecutively.

On appeal, Dillard argues the district court procedurally erred in imposing the sentence, because it did not sufficiently explain the reasoning behind the large upward variance for the marijuana count. Dillard also argues the sentence is substantively unreasonable. Neither argument prevails.

"[W]e review the imposition of sentences, whether inside or outside the Guidelines range, [under] 'a deferential abuse-of-discretion standard.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021) (quoting *Feemster*, 572 F.3d at 464).

The district court adequately considered the factors listed in 18 U.S.C. § 3553(a) while explaining its reasoning for varying upward. It recounted Dillard's crime of conviction and criminal history, including fleeing from police repeatedly, invading people's homes with a weapon, and "[j]ust terrorizing people." The district court explained this consistently violent and criminal behavior warranted an upward

variance, which it also believed was necessary to protect the public and deter Dillard from future criminal activity.  This was within the district court's discretion.  *See United States v. Richart,* 662 F.3d 1037, 1052 (8th Cir. 2011).

We therefore conclude the district court neither procedurally nor substantively erred when it sentenced Dillard.  Accordingly, we affirm the judgment of the district court.

_____